UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN BELSER, SR.,

        Plaintiff,

                                  Case No. 16-13934
v.                                  Honorable Victoria A. Roberts

VONDA R. EVANS,
SHEILA ANN GIBSON MANNING,
and DANIELLE HAGAMAN CLARK,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO SUBMIT
DOCUMENTS AS EXHIBITS AND SUMMARILY DISMISSING THE COMPLAINT**

## I. Introduction

Plaintiff Marvin Belser, Sr., ("Plaintiff") recently filed a *pro se* civil rights complaint

under 42 U.S.C. § 1983 and a motion to submit certain documents as exhibits.   Plaintiff

is a state prisoner at the Carson City Correctional Facility in Carson City, Michigan.  He

names the following individuals as additional plaintiffs or "interested parties:"  Precious

Renee Belser, Marvin Belser, Jr., Latrina Marie Belser, Genesis Lashette Underwood,

and Elijah LaMarvin Underwood.  The defendants are Wayne County, Michigan Circuit

Judges Vonda R. Evans and Sheila Ann Gibson Manning and assistant Wayne County

prosecutor Danielle Hagaman Clark.

The Court understands the complaint to allege that, in 2005, Plaintiff was

charged in state district court with nine counts of criminal sexual conduct, and even

though the charges were dismissed, he was bound over to state circuit court.  Judge

Evans presided over Plaintiff's criminal trial in circuit court and told Plaintiff that he

would not receive a fair trial in her courtroom.  Judge Evans later found Plaintiff guilty of four counts of first-degree criminal sexual conduct involving one of Plaintiff's underage daughters.

The complaint also states that confidential information about Plaintiff's five children was added to his pre-sentence investigation report and made available for anyone to read through a public computer.  Some inmates obtained information about Plaintiff from his child-protective-services case, and in 2014, he was attacked by three unknown inmates.  He was denied medical assistance and sought protection from state officials.

Plaintiff now seeks money damages for his "wrongful conviction."  He also seeks an order directing the state court to dismiss the criminal charges against him.  He appears to claim that the defendants violated his right not to be placed in double jeopardy and that Judges Evans and Gibson Manning committed judicial conduct through their incompetence and neglect, improper demeanor, bias, and conflict of interest.

## II.  Legal Framework

The Court granted Plaintiff permission to proceed without prepayment of the fees and costs for this action.  Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v.*

*Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."  *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III.  Analysis

Plaintiff's complaint is subject to dismissal because he made similar allegations about Judge Evans and Judge Gibson Manning in a lawsuit that he filed earlier this year.  In that case, he raised the same issue about the dismissal of the charges in state district court and his subsequent conviction on four counts of first-degree criminal sexual conduct in Judge Evans' courtroom.  Plaintiff also raised the issue about confidential information being placed in his pre-sentence report and available to anyone on a public computer.  This Court summarily dismissed the complaint for failure to state a claim on which relief may be granted.  The Court determined that Judges Evans and Gibson Manning were immune from suit under § 1983 and that the alleged violations of state law failed to state a claim under § 1983.  *See Belser, et al. v. Evans, et al.*, No. 16-12792 (E.D. Mich. Oct. 4, 2016).

"The filing of multiple federal actions arising out of the same facts is strongly discouraged, and plaintiffs take such a course at the peril that the adjudication of one case will have preclusive effect on the other."  *Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006).  In fact, " '[r]epetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious."  *McWilliams v. Colorado*, 121

F.3d 573, 574 (10th Cir. 1997) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th

Cir. 1988)); *accord Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)

(stating that "[t]here is no abuse of discretion where a district court dismisses under §

1915(d) a complaint 'that merely repeats pending or previously litigated claims' ")

(quoting *Bailey*, 846 F.2d at 1021);[1] *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C.1996)

(stating that, "[p]ursuant to 28 U.S.C. § 1915(d), the Court may dismiss a prisoner's *in*

*forma pauperis* action where the complaint duplicates the allegations of other pending

or previously filed litigation"); *see also Peoples v. Reno*, 230 F.3d 1359, 2000 WL

1477502, at *1 (6th Cir. Sept. 26, 2000) (unpublished decision stating that the district

court properly dismissed the plaintiff's case because it was duplicative of an earlier

action that was virtually the same).

      Plaintiff's current complaint is substantially the same as his complaint in case

number 16-12792.  Although he has added a third defendant (assistant Wayne County

prosecutor Danielle Hagaman Clark), lawsuits are duplicative if they "involve 'nearly

identical parties and issues.' "  *Baatz v. Columbia Gas Transmission, LLC,* 814 F.3d

785, 789 (6th Cir. 2016) (quoting *Certified Restoration Dry Cleaning Network, LLC v.*

*Tenke Corp.,* 511 F.3d 535, 551 (6th Cir. 2007) (quoting *Zide Sport Shop of Ohio v. Ed*

*Tobergte Assoc., Inc.,* 16 F. App'x 433, 437 (6th Cir. 2001)).

      Here, the facts and the issues are the same, and two of the three defendants are

the same as the defendants in the earlier case.  The Court therefore concludes that the

---

[1] Section 1915(d) is the precursor of the present section 1915(e).  *McWilliams*, 121
F.3d at 574.

complaint is duplicative of Plaintiff's complaint in case number 16-12792 and can be dismissed as frivolous or malicious under 28 U.S.C. § 1915 (e)(2)(B) and 1915A(b).

## Order

For the reasons given above, the Court summarily dismisses Plaintiff's complaint (ECF No. 1) under 28 U.S.C. § 1915 (e)(2)(B) and 1915A(b).

The Court grants Plaintiff's Motion to Submit Documents as Exhibits (ECF No. 6).

Finally, the Court certifies that an appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: December 19, 2016

5